## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Foster

v.

Gates

May 3, 1995

BY JUDGE JOSEPH E. SPRUILL, JR.

The plaintiff in this proceeding engaged the defendant to construct a house on property owned by the plaintiff in Northumberland County. During the construction a dispute arose, and the plaintiff has brought this action seeking damages for breach of contract.

The contract between the parties contains the following provision:

### Completion of Work

7. The contract shall be considered completed when all work has been finished in accordance with the plans and specifications, and any agreed changes thereto. Upon completion of the contract by the Contractor, Owner shall pay any unpaid balance of the contract price to the Contractor. At the time of completion, Contractor shall furnish to owner a waiver of all Mechanics' and Materialmen's Liens. All construction shall be according to good construction practice and accomplished in a workmanlike manner in accordance with said plans and specifications. If any dispute should arise as to whether the construction of the dwelling has been in accordance with the plans and specifications, the matter shall be determined by a board of arbitrators, one to be chosen by the Owner, one by the Contractor, and a third by the two arbitrators so chosen. The decision of the arbitrators on any such matter presented to them shall be final.

The defendant has moved to dismiss the Motion for Judgment claiming that Virginia Code § 8.01-581.01 *et seq.* requires that the parties submit their dispute to arbitration.

The plaintiff opposes defendant's Motion on the grounds that (1) the arbitration provision does not apply under the facts of this case; (2) the defendant's completion of the contract was a condition precedent which was not met, thus defeating his demand for arbitration; and (3) the defendant himself was in breach and is therefore not entitled to enforce the arbitration provision.

Virginia Code § 8.01-581.01 states that a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid and enforceable, except upon grounds for the revocation of the contract.

The issue to be decided is whether the defendant can, under the facts of this case, enforce the arbitration provision of the contract in question.

First, plaintiff claims, under the terms of the contract, the defendant is entitled to arbitration only upon completion of the contract and since the contract was not completed by defendant, he cannot force arbitration.

This contract was not completed by the defendant. The plaintiff claims the defendant failed to do what he agreed to do under the contract. The defendant claims he was prevented from completing the contract by the plaintiff's failure to meet his (plaintiff's) responsibilities under the contract. This is an issue which at this point remains unresolved. The plaintiff argues here that regardless of the cause, the terms of the contract require completion of the contract before arbitration applies; and that any ambiguity in the terms of the contract must be resolved against the defendant, the author of the contract.

The plaintiff invokes the doctrines of *noscitur a sociis* and *ejusdem generis* to make his point. The doctrine of *noscitur a sociis* provides that when general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words. The doctrine of *ejusdem generis* provides where general words follow an enumeration of persons or things by words of a particular and specific meaning, the general words are not to be construed in their widest extent but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned.

Paragraph 7 of the contract consists of six sentences. The first provides that the contract shall be completed when the work is finished. The second sentence requires the owner to pay the unpaid balance of the contract price upon completion. The third requires the contractor to furnish a lien waiver upon completion. The fourth requires all work to be accomplished in a

workmanlike manner in accordance with the plans and specifications. The final two sentences contain the arbitration requirement.

The plaintiff claims that standing alone the arbitration provisions relate to any dispute whether the contract is complete or not, but applying the aforementioned doctrines, the general terms of the arbitration provision are limited by the specific terms of the preceding sentences. This requires, says the plaintiff, completion of the contract before arbitration is mandated.

The doctrine of *noscitur a sociis*, which translates "it is known from its associates" holds that the meaning of a word takes expression from the purport of the entire phrase of which it is a part and must be read in harmony with its context. *Sellers v. Bles*, 198 Va. 49 (1956); *Cape Henry Towers, Inc. v. National Gypsum*, 229 Va. 596 (1985). (The doctrine appears to be more commonly invoked in construing statutes in criminal cases.)

To apply these doctrines in this case requires a finding that Paragraph 7 contains first specific words and phrases followed by general words and phrases, bringing into question the meaning of the general words. In fact, Paragraph 7 cannot reasonably be read or construed in this fashion. Paragraph 7 deals with completion of the work, payment, lien waivers, standards of construction, and arbitration. These are neither general nor specific, but rather a series of terms incidental to the contract. Each could have been the subject of a separate paragraph in the contract but were instead incorporated into one. Had the parties intended that arbitration be required only upon completion of the contract, they could easily have said so. We find that these doctrines provide little, if any, assistance in resolving the issue at hand.

Next, plaintiff claims that the completion of the contract is a condition precedent to the demand for arbitration. In *R. G. Pope Construction v. Guard Rail*, 219 Va. 111 (1978), relied upon by defendant, the Supreme Court ruled that the subcontractor was entitled to recover lost profits from the contractor when the contractor failed to have the site ready and available for the subcontractor to perform in a timely manner. This case rested upon a factual finding that the contractor's failure to act prevented the subcontractor's performance of the contract. We have no such finding here, at least at this point. Indeed, the defendant here claims that the plaintiff owner's failure to act and the owner's subsequent dismissal of the defendant from the job prevented the defendant from completing the contract.

The terms of this contract do not express or imply that its completion is a condition precedent to arbitration. Such would be an unreasonable interpretation for it would enable either party to avoid arbitration simply by doing whatever might be necessary to prevent completion of the contract. This would defeat the purpose of the arbitration provision and would enable a party wanting to avoid arbitration to do so by breaching the contract or in some way preventing its performance.

Finally, plaintiff contends the defendant's breach defeats his right to enforce the arbitration clause. The primary issue in this case is which of the parties committed the breach. The plaintiff's position assumes the defendant breached. But this is a question yet to be determined. This is not a case in which the party failing to perform a contract seeks to enforce the contract for his benefit. Rather, the issue here is the method by which these issues will be resolved.

Finding that the terms of the contract are not ambiguous and that the parties agreed to arbitration to resolve any disputes arising thereunder, the Motion to Dismiss is sustained and the parties shall proceed to arbitration as provided by statute.